UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATALIE MARTEL,

    Plaintiff,

 v.

MICHAEL J, ASTRUE, Commissioner of Social Security,

    Defendant.
_____ /

CV 09-05141 MHP

**MEMORANDUM & ORDER**

**Re:** Defendant's Motion to Strike

Having exhausted her administrative remedies, plaintiff Natalie Martel seeks judicial review, pursuant to 42 U.S.C. section 405(g), of a final decision of defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"). Martel alleges that she was improperly denied Supplemental Security Income benefits. Having considered the parties' arguments and for the reasons stated below, the court enters the following memorandum and order granting defendant's motion to strike and dismissing without prejudice plaintiff's complaint for lack of prosecution.

BACKGROUND

On October 29, 2009, plaintiff filed this action seeking judicial review of defendant's final decision rendered on April 8, 2009. *See* Docket No. 1 (Complaint). Notice of Service upon defendant was filed on June 12, 2010 and, in support of her action, plaintiff's counsel subsequently filed three declarations purporting to proffer evidence that the Administrative Law Judge ("ALJ") presiding over plaintiff's case was generally biased against claimants. *See* Docket Nos. 15-17. The

declarations reference two other social security actions involving clients of plaintiff's counsel and presided over by the same ALJ who plaintiff now apparently argues was biased against her. Plaintiff's counsel avers that the declarations and exhibits show that the ALJ similarly harbored bias against these other two clients. Defendant now moves to strike these declarations and exhibits, arguing that they are immaterial to the instant action pursuant to Federal Rules of Civil Procedure 12(f).

LEGAL STANDARD

Under Rule 12(f), a court may strike from the pleadings "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks and citations omitted).

DISCUSSION

Plaintiff correctly points out that Rule 12(f) applies only to pleadings. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of the rule, only pleadings are subject to motions to strike."). Plaintiff's declarations and exhibits were not submitted in conjunction with any pleading. Accordingly, defendant's motion to strike is improperly brought under Rule 12(f). Nonetheless, plaintiff's submissions are not probative of her claims in this action that "(1) the Commissioner's actions, findings and conclusions were not supported by substantial evidence and (2) incorrect legal standards were employed in the determination of the ultimate issues." Docket No. 1 (Complaint) ¶ 4. Indeed, plaintiff alleges no bias in her initial complaint, rendering the declarations and exhibits in question, purporting to show bias, irrelevant to the inquiry here. Accordingly, defendant's motion to strike is GRANTED.

In addition, plaintiff has failed to follow the order of the court and to timely prosecute her action. Subject to Civil L.R. 16-5, as in effect on the date that plaintiff filed her complaint, plaintiff

1  was required to file a motion for summary judgment or for remand within thirty (30) days of service
2  of defendant's answer. *See* Docket No. 3 (Procedural Order for Social Security Review Actions) ¶ 2.
3  Defendant filed his answer on September 8, 2010, *see* Docket No. 12 (Answer), and plaintiff has yet
4  to file a motion for summary judgment or for remand.  Accordingly, plaintiff's action is
5  DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b), which allows for
6  the dismissal of an action for failure of a plaintiff to prosecute or to comply with a court order. Fed.
7  R. Civ. P. 41(b).

CONCLUSION

Defendant's motion to strike is GRANTED.   Plaintiff's complaint is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: May 17, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

3